# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT V. HUNTLEY, | : | |
| Petitioner, | : | |
| v. | : | No.: 4:18-CV-729 |
| LAWARENCE MAHALLY, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### APRIL 26, 2018

## I. BACKGROUND

Vincent V. Huntley ("Petitioner"), an inmate presently confined at the State Correctional Institution, Dallas, Pennsylvania ("SCI-Dallas"), initiated this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner has also filed an *in forma pauperis* application which will be granted for the purpose of the filing of this action with this Court.

Petitioner entered a negotiated plea of *nolo contendere* to charges of first degree murder, criminal conspiracy, aggravated assault, endangering the welfare of a child, and abuse of a corpse on November 1, 2004 in the Court of Common Pleas of Dauphin County, Pennsylvania. As a result of his plea, Huntley was sentenced to a term of life imprisonment plus an aggregate twenty-three and a half (23 ½) to

forty-seven (47) year term of incarceration. The charges stemmed from the abuse and murder of a seven (7) year old child. There is no indication that Petitioner filed a direct appeal.

Huntley did seek collateral relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA). The PCRA permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d Cir. 1991).

Petitioner initiated the PCRA action on October 13, 2005 which was thereafter dismissed by the sentencing court on August 23, 2006. On July 11, 2007, the Superior Court of Pennsylvania affirmed the denial of PCRA relief. On December 20, 2007 the Supreme Court of Pennsylvania denied Huntley's petition for allowance of appeal.

On October 15, 2008, Huntley filed a petition for writ of habeas corpus in this Court. *See Huntley v. McGrady*, No. 4:08-CV-1901 (McClure, J.). By Memorandum and Order dated January 27, 2009, Huntley's prior habeas corpus action was dismissed as untimely. The United States Court of Appeals for the Third Circuit affirmed that determination by Order dated June 30, 2009.

Petitioner's pending action, dated April 2, 2018 (approximately nine years after the dismissal of his prior § 2254 action), claims entitlement to federal habeas corpus relief on the grounds that the sentencing court never stated what statute, if any, was used to impose his life sentence. *See* Doc,. 1, ¶ 12. Huntley maintains that his sentence is illegal because it lacks statutory authorization. He adds that his pending claim should be deemed timely because it was filed within one year of the Pennsylvania Supreme Court's decision affirming the final determination of the Pennsylvania Office of Open Records regarding Huntley's right to know request seeking a true and correct copy of his sentencing order.

## II. DISCUSSION

### A. Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt,* Civ. No. 4:05-cv-956, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

## B. Second or Successive Petition

Title 28 U.S.C. § 2244(a) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive § 2254 habeas corpus petitions may be reviewed by federal district courts. *See Graham v. Warden, FCI-Allenwood*, 348 Fed. Appx. 706 (3d Cir. 2009) (§ 2244(a) bars second or successive challenges to the legality of detention). Rule 9 of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3)and (4).

Section 2244(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

As discussed above, Petitioner previously filed a habeas corpus action in this Court which was denied as being untimely. Based upon a review of Huntley's earlier habeas corpus petition, it appears that it did not include his pending sentencing related argument. Petitioner's present action is neither based upon newly discovered facts nor a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court of the United States previously unavailable. Petitioner has also not presented any facts or claims that would establish his actual innocence. It is equally apparent that the pending sentencing argument could have and should have been raised in Huntley's 2008 habeas corpus action.

Finally, there is no indication that Petitioner has been granted leave to file a second or successive habeas corpus petition by the United States Court of Appeals for the Third Circuit. Based upon an application of the requirements set forth in § 2244(b) to Huntley's pending action, it cannot now be entertained by this Court. *See generally, Burgos v. Superior Court of Pa.*, 355 Fed. Appx. 585, 587 (3d Cir. 2009). In light of the Court's determination herein, the obvious untimeliness issue will not be addressed by this Court. *See Day v. McDonough*, 547 U.S. 198, 210 (2006)(a district court has the authority to raise the timeliness issue *sua sponte* provided that the parties are afforded "fair notice and an opportunity to present

their positions); *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005).

## III. CONCLUSION

In sum, Petitioner's action will be dismissed without prejudice as an unauthorized second or successive habeas corpus petition. Petitioner may seek leave from the Court of Appeals to pursue a second § 2254 action, should he choose to do so. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge